John T. Roberts and Florence V. Roberts, Petitioners. *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 24285. Promulgated February 29, 1952.

*Stanley Worth, Esq.,* and *Edward S. Smith, Esq.,* for the petitioners.
*Stephen P. Cadden, Esq.,* for the respondent.

OPINION.

OPPER, *Judge:* Although not neatly presented as a matter of formalism, the essence of the present situation appears to us to be the redemption of the shares of one stockholder, the estate of petitioner's brother, and its elimination as a participant in the enterprise. That this operation would not lead to the "essential equivalence" described in 115 (g) was demonstrated as long ago as *Clara Louise Flinn*, 37 B. T. A. 1085, acq. 1938-2 C. B. 11, where we said (1094) :

\* \* \* Here there was a complete liquidation of the holdings of but one shareholder owning a minority of the shares. The purpose was not to distribute earnings, but to bring about a separation of this one shareholder from the corporation. The remaining shareholders remained substantially unchanged in their relation to the corporation and its earnings.

To the same effect is *Carter Tiffany*, 16 T. C. 1443.

True, the redeemed shares appear technically to have been transferred to the other stockholder (petitioner), and the actual redemption to have resulted after he became the sole owner of all the shares. True also, the corporate resolutions do not in artistic terms refer to a partial liquidation but rather to a reduction in the corporation's need for operating capital. Nevertheless, we think it too clear for argument and have so found as a fact that it was the estate's stock, and no other, that was actually redeemed, on which such estate taxes as were due would already have been paid; and that the assets of the business were being reduced proportionally.

By any of the accepted tests this would not require the invocation of section 115 (g). Nor will it lead to difficult and possibly inequitable aspects of the problem of basis which would otherwise necessarily arise. See *Marie W. F. Nugent-Head Trust*, 17 T. C. 817; Katcher, "The Case of the Forgotten Basis: An Admonition To Victims of Internal Revenue Code Sec. 115 (g)," 48 Mich. L. Rev. 465, 469; Maloney, "Outline of Points to be Considered in Stock Redemptions," N. Y. U. Fifth Annual Institute on Federal Taxation, 837, 842; Nolan, "The Uncertain Tax Treatment of Stock Redemptions," 65 Harv. L. Rev. 255, 275; cf. also Revenue Act of 1950, section 209, adding section 115 (g) (3), Internal Revenue Code.

*Decision will be entered under Rule 50.*